```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Civil No. 24-CV-3392 (DSD/ECW)
```

Richard Preston Blackwell,

        Plaintiff,

v.                                                                  **ORDER**

Circle K; Holiday Companies; Holiday Stationstores, LLC; Brian Hannasch, Circle K Chief Executive Officer, sued in his personal, official, and individual capacities; Ronald Erickson, Holiday Companies/Holiday Stationstores LLC Chief Executive Officer, sued in his personal, official, and individual capacities; Circle K/Holiday Stationstores, LLC John Does, sued in his personal, official, and individual capacities; Dallas, sued in his personal, official, and individual capacities; Kathy, sued in his personal, official, and individual capacities; Greg, sued in his personal, official, and individual capacities; Alicia, sued in his personal, official, and individual capacities; Roseville, City of; Roseville Police Department, City of; Erika Scheider, Chief of Police, City of Roseville Police Department, sued in his personal, official, and individual capacities; Joe

Adams, Deputy Chief, City of
Roseville Police Department,
sued in his personal,
official, and individual
capacities; Walker, Officer,
City of Roseville Police
Department, sued in his
personal, official, and
individual capacities;
Sundstrom, Officer, City of
Roseville Police Department,
sued in his personal,
official, and individual
capacities; Chau, Officer,
City of Roseville Police
Department, sued in his
personal, official, and
individual capacities; and
John Doe City of Roseville
Police Department, sued in his
personal, official, and
individual capacities; and
John Doe City of Roseville
Police Department, sued in his
personal, official, and
individual capacities;

                    Defendants.


This matter is before the court upon plaintiff Richard Preston Blackwell's complaint alleging that Circle K and various Roseville police officers discriminated against him based on his race and otherwise violated his constitutional rights. Rather than paying a filing fee, Blackwell requests that he be permitted to proceed in forma pauperis (IFP). ECF No. 2. Blackwell's complaint and IFP application are thus before the court for preservice review

pursuant to 28 U.S.C. § 1915(e)(2). Based on that review, this action will be dismissed without prejudice and the IFP application will be denied as moot.

**BACKGROUND**

In 2023, Blackwell visited a Circle K convenience store in Roseville, Minnesota, and tried to microwave his own food. The store employees told him that he needed to buy food from the store to use the store's microwave, but when he returned the next day to speak with the store manager, the store manager, Greg, told him there was no such condition to using the store's microwave.

On August 6, 2024, Blackwell returned to the convenience store intending to use the microwave but was again told that he could not microwave his own food. Blackwell challenged the policy and asked to speak to the store manager, Greg. When a different employee identified herself as the store manager, Blackwell requested that the store contact the police. He then returned to his car in the parking lot to wait for their arrival.

When they arrived, the police officers told Blackwell that store staff reported that he was trespassing. Officers detained him while completing related paperwork. Officers then told Blackwell to leave and informed him that he could not return to the property for one year without facing arrest and prosecution.

According to Blackwell, he was also threatened with criminal charges if he delayed leaving store property.

Blackwell claims that during these events, defendants discriminated against him based on his race. He asserts federal causes of action under 42 U.S.C. §§ 1981, 1983, 1988, and state law causes of action under the Minnesota state tort law, the Minnesota constitution, and the Minnesota Human Rights Act (MHRA), among others.

## DISCUSSION

### I. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, the court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Varga v. U.S. Nat'l Bank Ass'n, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at

570. Pro se complaints are to be construed liberally, but they must still allege enough facts to support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

**II. Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." Andrews v. City of West Branch, Iowa, 454 F.3d 914, 918 (8th Cir. 2006). In this case, Blackwell identifies two groups of defendants: (1) defendants associated with Circle K, namely, Circle K, Holiday Companies, Holiday Stationstores LLC, Brian Hannasch, Ronald Erickson, Circle K/Holiday Stationstores LLC John Does, Dallas, Kathy, Greg, and Alicia; and (2) defendants associated with the City of Roseville, specifically, the City of Roseville, the Roseville Police Department, Erika Scheider, Joe Adams, Walker, Sundstrom, Chau, and John Doe City of Roseville Police Department.

    **A.   Private Entity Defendants**

The defendants associated with Circle K are private actors. That said, "[a] private party who willfully participates in joint activity with the State or its agents is considered a state actor." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). A private entity "may be considered to be acting jointly with police when the police detain accused shoplifters without making an independent investigation or pursuant to a

5

customary plan between the store and the police department." Id. (citing Murray v. Wal-Mart, Inc., 874 F.2d 555, 558-59 (8th Cir. 1989)).

Here, though, Blackwell has failed to assert a plausible claim that the private entity defendants were working jointly with the police. Instead, he alleges that they are separate entities that acted separately. Specifically, there was no police officer stationed at the Circle K, Blackwell (rather than Circle K employees) requested police involvement, and the police issued Blackwell a trespass notice only after conducting their own investigation. See Youngblood, 266 F.3d at 855 (concluding that store employee was not a state actor because "store employee who witnessed the incident was not employed by the police department and the police officer summoned to the scene investigated the incident by speaking with the store employee and examining the contents of the beef jerky canister").

Thus, the Circle K defendants do not qualify as state actors and the § 1983 claims against them must be dismissed.

B.  **Government Official Defendants**

Blackwell's § 1983 claims against the second group of defendants — the City of Roseville, the Roseville Police Department, Erika Scheider, Joe Adams, Walker, Sundstrom, Chau, and John Doe City of Roseville Police Department – fare no better. Although these defendants are clearly state actors for the purposes

6

of § 1983, the § 1983 claims against them fail for entirely different reasons.

First, "[p]ublic servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)). As such, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." Id. (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)). In this case, the public entity officials — Scheider, Adams, Walker, Sundstrom, Chau, and John Doe City of Roseville Police Department — are all agents of the City of Roseville.

A political subdivision, such as the City of Roseville, "may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." Johnson, 172 F.3d at 535 (citing Monell, 436 U.S. at 694). Rather, "[a] political subdivision may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." Id. "[A] policy is an official policy, a deliberate choice of a guiding

7

principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Whereas a "custom" constitutes a "continuing, widespread, persistent pattern of unconstitutional conduct" of which officials have notice but respond with tacit acceptance or deliberate indifference. Id.

In this case, setting aside the question of whether Blackwell has asserted a plausible constitutional injury, he fails to plead any facts establishing that the Roseville police officers were acting pursuant to some unconstitutional policy. Further, Blackwell pleads no facts that could establish that his encounter with police constitutes an example of a widespread, persistent pattern of conduct. Blackwell's official capacity claims are therefore dismissed.

Second, "[s]uits against officials in their individual capacity seek to impose personal liability upon a government official for actions he takes under color of state law." Handt v. Lynch, 681 F.3d 939, 943 (8th Cir. 2012) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). To establish liability against officials in their individual capacity, "the plaintiff must show that the official, acting under color of state law caused the deprivation of a federal right." Id. at 943; see also Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for,

8

the deprivation of rights."). Thus, it is not enough for a plaintiff to allege that his rights were violated; the plaintiff must specifically allege that his rights were violated by the defendant.

Here, Blackwell fails to assert any particular facts establishing what defendants Scheider, Adams, Chau, or John Doe City of Roseville Police Department did (or did not do) in violation of his constitutional rights. Blackwell's § 1983 claims against these defendants in their individual capacities are therefore dismissed.

**C.   Claims against Officers Walker and Sundstrom**

This leaves defendants Walker and Sundstrom, the Roseville police officers who responded to Blackwell's request for assistance at the Circle K store. Blackwell claims that these officers "discriminated against him" based on his race and gender. He further asserts that they seized him without probable cause in violation of the Fourth Amendment.

"The Constitution prohibits selective enforcement of the law based on considerations such as race." Parada v. Anoka Cnty., 332 F. Supp. 3d 1229, 1244 (D. Minn. 2018) (quoting Whren v. United States, 517 U.S. 806, 813 (1996)). "A selective-enforcement claim does not require proof that the plaintiff was arrested without probable cause or reasonable suspicion to believe that the plaintiff committed a criminal offense." Id. "Rather, the

9

plaintiff must prove that the officer exercised his or her discretion to enforce the laws on account of the plaintiff's race, nationality, or other characteristics." Id.

Here, Blackwell asserts that the Roseville police officers "discriminated against him" based on his race and gender. But he provides no factual detail describing how the officers' conduct was discriminatory. Indeed, he asserts no facts suggesting that similarly situated individuals were treated differently on account of their race or gender. See id. ("When the claim is selective enforcement of traffic laws or a racially motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose.") (quoting Johnson, 326 F.3d at 1000). The race discrimination claim fails as a matter of law.

Finally, Blackwell claims he was unlawfully seized. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[T]o establish a violation of the Fourth Amendment in a section 1983 action, the claimant must demonstrate that a seizure occurred and the seizure was unreasonable." McCoy v. City of Monticello, 342 F.3d 842, 846 (8th Cir. 2003).

In this case, Blackwell concedes that he was initially free to leave the Circle K store and that he approached the police when

10

they arrived to investigate his complaint. At this point there was no seizure implicating his Fourth Amendment rights. See United States v. Stewart, 631 F.3d 453, 456 (8th Cir. 2011) (a consensual encounter between an officer and a citizen does not trigger the Fourth Amendment).

A consensual police encounter can, however, turn into a seizure. Blackwell contends that he was seized when officers told him he could not leave while they were preparing the trespass paperwork. "A Fourth Amendment seizure occurs when an officer restrains the liberty of an individual through physical force or show of authority." Id. Aside from Blackwell's allegation that the officers told him he could not leave, he points to no facts showing that the officers displayed any show of authority, such as physical restraint or blocking his exit, that would have prevented him from leaving. See Hawkins, 189 F.3d at 701 ("A Fourth Amendment seizure occurs only when there is a governmental termination of freedom of movement through means intentionally applied.") (quoting Brower v. Cnty. of Inyo, 489 U.S. 593, 597 (1989)). Rather, Blackwell admits that the officers later told him to leave and threatened him with criminal charges if he did not leave.

But even if these circumstances constitute a seizure, "a seizure alone is not enough for § 1983 liability." Id. at 702. Rather, "[t]he seizure must be unreasonable." Id. Blackwell

11

claims that he did not need to be detained because police officers were aware of his identity from previous encounters and had already told him that he was trespassing. His subjective belief that officers were not legally required to detain him, however, does not make his detention unreasonable. "Reasonableness of the seizure must be determined on the totality of the circumstances and is to be judged from the perspective of a reasonable officer on the scene without regard to the underlying intent or motivation." Id.

As pleaded, Blackwell has not established that his detention was unreasonable. By his own admission, he was detained until officers could provide him with a trespass notice after which they directed him to leave. Accordingly, Blackwell has failed to establish a plausible Fourth Amendment claim. The § 1983 claims are therefore dismissed.

**III. Claims Under 42 U.S.C. § 1981**

Blackwell also asserts claims under 42 U.S.C. § 1981. There are two provisions of Section 1981: Section 1981 provides that, one, all persons "shall have the right . . . to make and enforce contracts, to sue, be parties, give evidence," and, two, all persons shall have the right "to the full and equal benefit of all laws." 42 U.S.C. § 1981. Blackwell has failed to assert a plausible cause of action under either provision.

With respect to § 1981's "make-and-enforce contracts" clause, Blackwell asserts no facts establishing that he had a contractual relationship with Circle K. See 42 U.S.C. § 1981(b) (defining "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship"). Rather, this dispute arose because Blackwell intended to use Circle K's microwave without first entering a contractual relationship by purchasing food from the store. See Youngblood, 266 F.3d at 855 (concluding that once a purchase is completed, no contractual relationship remains). Further, Blackwell asserts no facts suggesting that he had some preexisting contractual right to the use of the microwave without first making a food purchase. To the extent that Blackwell claims that Circle K's conduct was discriminatory, "Section 1981 does not provide a general cause of action for race discrimination if in fact it occurred." Id. Accordingly, Blackwell's claims pursuant to § 1981's "make-and-enforce contracts" clause are dismissed.

Turning to § 1981's second provision, "[b]ecause the state is the sole source of the law, it is only the state that can deny the full and equal benefit of the law." Id. As noted above, the Circle K defendants are not state actors. Thus, Blackwell's § 1981 claims against these defendants are dismissed.

The problem with Blackwell's § 1981 claims against the public official defendants is that "under the Full-and-Equal Benefit clause of 42 U.S.C. § 1981, a plaintiff must allege some sort of state action contributed to the plaintiff being discriminated against." Elmore v. Harbor Freight Tools USA, Inc., 844 F.3d 764, 766 (8th Cir. 2016) (quoting Bediako v. Stein Mart, Inc., 354 F.3d 835, 838 n.3 (8th Cir. 2004)). Blackwell has failed to plausibly allege any discrimination, however. Blackwell's assertions that he was "discriminated against" based on his race and gender are purely conclusory. As such, they are not entitled to the presumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to establish a viable cause of action). Setting those conclusory allegations aside, Blackwell has asserted no particularized facts describing the discrimination he purportedly encountered, or how, specifically, the state actor defendants contributed to that discrimination. Blackwell's claims under the "Full-and-Equal Benefit" clause of § 1981 are therefore dismissed.

**IV. Claims under 42 U.S.C. § 1988**

Finally, Blackwell's Complaint asserts claims under 42 U.S.C. § 1988. Section 1988 does two things. It first authorizes "federal courts, where federal law it unsuited or insufficient to furnish suitable remedies, to look to principles of the common

14

law, as altered by state law, so long as such principles are not inconsistent with the Constitution and laws of the United States." Moor v. Alameda Cnty., 411 U.S. 693, 702-03 (1973). Second, it allows for the recovery of attorney's and expert witness fees in certain cases, including those brought under 42 U.S.C. §§ 1981 and 1983.  42 U.S.C. § 1988(b)-(c).  Section 1988, itself, however, establishes no private right of action. See Moor, 411 U.S. at 702 (explaining that § 1988 "does not enjoy the independent stature of an Act of Congress providing for the protection of civil rights"). Blackwell's § 1988 claims are therefore dismissed.

**V.   State Law Claims**

Because Plaintiff has failed to establish a federal cause of action, this Court declines to exercise supplemental jurisdiction over any remaining state law claims.  28 U.S.C. § 1367.

**CONCLUSION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   The complaint is dismissed without prejudice; and
2.   The IFP application [ECF No. 2] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 19, 2024         s/David S. Doty
                                   David S. Doty, Judge
                                   United States District Court